IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00103-RM-MEH

DORENE MORENO,

      Plaintiff,

v.

QWEST CORPORATION,

      Defendant.

---

## ORDER ON MOTION TO STRIKE JURY DEMAND

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Defendant's Motion to Strike Jury Demand [filed March 6, 2013; docket #11]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1.C, the motion was referred to this Court for disposition on May 22, 2013 [docket #26].[1] The matter is briefed and, upon review of the pleadings, the Court concludes that oral argument will not be of material assistance in adjudicating the motion. For the reasons that follow, the Court **grants** the Defendant's motion.

## I.     Background

      Plaintiff initiated this action on January 16, 2013 alleging generally that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, by discriminating against her on the basis of her race and sex and retaliating against her for reporting sexual harassment and discriminatory conduct to her supervisors. Complaint, docket #1 at 1. Defendant responded to the Complaint by

---

[1]A motion seeking an order to strike a jury demand raises a non-dispositive issue. *See* 28 U.S.C. § 636(b)(1)(A); *see also Deslauriers v. Chertoff*, No. 07-184-B-W, 2009 WL 3418525, at *1 n.1 (D. Me. Oct. 20, 2009) (unpublished) (listing cases).

filing an Answer and the present motion seeking an order striking Plaintiff's jury demand based upon a provision in two agreements executed by the Plaintiff and Defendant. Specifically, Defendant claims that Plaintiff accepted the opportunity to purchase shares of Defendant's stock by executing stock option agreements containing the following provision:

### 16.    WAIVER OF RIGHT TO JURY.

By signing this Agreement, Optionee [Plaintiff] voluntarily, knowingly and intelligently waives any right he or she may have to a jury trial for all claims relating to this Agreement and any other claim relating to Optionee's employment with Company [Defendant]. The Company also hereby voluntarily, knowingly, and intelligently waives any right it might otherwise have to a jury trial for all claims relating to this Agreement and any other claim relating to Optionee's employment with the Company.

Exhibit B, Non-Qualified Stock Option Agreement, August 31, 2004, docket #11-2; Exhibit C, Non-Qualified Stock Option Agreement, March 19, 2010, docket #11-3. Based upon this provision, Defendant argues Plaintiff has knowingly and voluntarily waived her right to a jury trial and, thus, her jury demand should be stricken.

Plaintiff responds that the Agreements "deal solely with the topic of stock options and nothing else," and that she did not realize by executing them she was waiving the right to a jury in all aspects of her employment since the provision is inconspicuous. Response, docket #14 at 2. Plaintiff further contends that, because the Agreements were presented in an electronic form, they were "take it or leave it" and she had no bargaining power. *Id.* Also, Plaintiff claims that the stock options were offered to her and other employees for the primary purpose of remedying the loss she and other employees suffered when an employee stole money from the 401(k) funds. Plaintiff states that the jury waiver provision was neither pointed out to her nor explained to her in any way.

Defendant replies that Plaintiff admits she neither sought legal counsel nor attempted to

2

negotiate the Agreements at any time during her employment.  Defendant asserts that absent fraud

or concealment, the Plaintiff should be charged with knowledge of any document she signs.

## II.      Legal Standards

The Seventh Amendment guarantees the right to a trial by jury.  In cases litigated in federal

courts, this guarantee is governed by federal law.  *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d

835, 837 (10th Cir. 1988) (citing *Simler v. Conner,* 372 U.S. 221, 221-22 (1963)).  As such, the

question of whether a party has waived its right to a jury trial also is a question of federal law.

*Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007);  *see also Allyn v. Western*

*United Life Assurance Co.*, 347 F. Supp. 2d 1246, 1251 (M.D. Fla. 2004).

Waiver of a jury trial is governed by Fed. R. Civ. P. 38 and 39.  Specifically, Rule 39(a)

provides, in pertinent part,

> When a jury trial has been demanded under Rule 38, the action must be designated
> on the docket as a jury action. The trial on all issues so demanded must be by jury
> unless:
> ...
> (2) the court, on motion or on its own, finds that on some or all of those issues there
> is no federal right to a jury trial.

Fed. R. Civ. P. 39(a).  A trial by jury may be waived in actions instituted by claims for violation of

Title VII of the Civil Rights Act of 1964, as amended ("Title VII").  *See Clark v. Runyon*, 218 F.3d

915, 918 (8th Cir. 2000); *Dixon v. Henderson*, 186 F. App'x 426, 429 (5th Cir. 2006).  In the Tenth

Circuit, employees may waive their rights to a jury hearing their Title VII claims, so long as another

appropriate forum is made accessible to them for hearing such claims.  *See Shankle v. B-G Maint.*

*Mgmt. of Colorado*, 163 F.3d 1230, 1234 (10th Cir. 1999) ("an arbitration agreement that prohibits

the use of the judicial forum as a means of resolving statutory claims must also provide for an

effective and accessible alternative forum").

The Tenth Circuit has found that "[a]greements waiving the right to trial by jury are neither illegal nor contrary to public policy." *Telum*, 859 F.2d at 837 (citations omitted). However, the waiver must be knowing and intentional. *See id.* (citing *Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832 (4th Cir. 1986) (right to jury trial, although fundamental, may be knowingly and intentionally waived by contract) and *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 755 (6th Cir. 1985) (considering it "clear that the parties to a contract may by prior written agreement waive the right to a jury trial")).

Courts in this district have considered a number of factors when determining whether an individual or entity has entered into a contractual jury trial waiver knowingly and voluntarily. Those factors include: (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel. *See Postnet Int'l Franchise Corp. v. Amercis Int'l, Inc.*, No. 06-0125-PSF-BNB, 2006 WL 1775599, at *1 (D. Colo. June 26, 2006) (unpublished) (citing *Allyn*, 347 F. Supp. 2d at 1251); *Timber Doodle Glade Equity Venture, LLC v. D.E. Shaw Laminar Lending, Inc.*, No. 06-0799-WDM, 2007 WL 4287728, at *2 (D. Colo. Dec. 4, 2007) (unpublished); *see also Rocky Mountain Chocolate Factory, Inc. v. SDMS, Inc.*, No. 06-1212-WYD, 2007 WL 4268962, at *7 (D. Colo. Nov. 30, 2007) (unpublished) (while the court did not list them, it considered all of the *Postnet* factors in its decision to uphold the jury trial waiver). "Although the factors play an important role in the Court's decisionmaking process, it is not whether any particular number of factors have been satisfied, but whether, in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Allyn,* 347 F. Supp.

4

2d at 1251-52.

Notably, the Tenth Circuit has indicated that cases invalidating jury waiver provisions have relied on facts such as inconspicuous fine print or a gross disparity in bargaining power. *Telum,* 859 F.2d at 837; *see also Bevill Co. v. Sprint/United Mgmt. Co.*, 304 F. App'x 674, 682 (10th Cir. 2008). The Tenth Circuit has not, however, determined which party has the burden of showing whether the contractual jury waiver was knowing and voluntary. *See Hulsey v. West*, 966 F.2d 579, 582 (10th Cir. 1992). Nevertheless, at least two courts in this district have found that the burden of proving a voluntary and knowing waiver is on the party seeking to enforce the waiver. *See Dreiling v. Peugeot Motors of Am., Inc.*, 539 F. Supp. 402, 403 (D. Colo. 1982); *Timber Doodle*, 2007 WL 4287728 at *2. This Court agrees and places the burden on the Defendant in this case.

## III.   Analysis

Here, the Court will analyze whether the Defendant has demonstrated that Plaintiff knowingly and voluntarily waived a jury trial in this matter by considering and weighing the *Postnet* factors.

### A.   Conspicuousness of the Provision

Defendant argues that the jury waiver provision is set forth in the agreement with a heading in bold, capital letters and, thus, is sufficiently conspicuous. Plaintiff counters that the jury waiver provision is not only inconspicuous in that it is not set apart in the agreement, but also that it was not clear to her that she would be waiving a jury for any claims that may arise outside of the stock option agreement. The Court agrees with Defendant.

First, there is no doubt that the provision is conspicuous in its appearance as its heading is set forth in bold, capital letters: "**WAIVER OF RIGHT TO JURY**." In addition, the provision is

written in lay terms and specifically states that the Optionee (as Plaintiff is clearly identified in the first sentence of the agreement) "waives any right he or she may have to a jury trial for all claims relating to this Agreement *and any other claim relating to the Optionee's employment with the Company*." Agreement, docket #11-2 at 7 (emphasis added). The Plaintiff does not argue that she was unable to understand the provision's language. Moreover, the waiver is not buried in fine print in the agreement; rather, it is located four paragraphs above the signature line. *See Boyd v. U.S. Bank Nat'l Ass'n*, No. 06-2115-KGS, 2007 WL 2822518, at *18 (D. Kan. Sept. 26, 2007).

Second, to the extent that Plaintiff argues the waiver applies only to claims arising under the stock option agreement and not to her discrimination claims, the Court finds that the broad language of the provision may, indeed, apply to Plaintiff's claims here. In *Oliver v. Third Wave Techs., Inc.*, No. 06-CV-6192JLL, 2007 WL 2814598, at *3 (D.N.J. Sept. 25, 2007), the district court adopted a magistrate judge's recommendation to transfer venue for adjudication of the plaintiff's discrimination claims based upon a forum selection clause (also containing a jury waiver) found in a stock option agreement. While the *Oliver* court focused on the forum selection portion of the provision rather than the jury waiver, the court evaluated some of the same factors as those considered in this case: ambiguity of the provision, time within which to consider terms of the agreement, and whether the agreement was voluntary. *Id.* at *6.

The Court finds that the jury waiver provision in this case is conspicuous both in its appearance and in its scope. Therefore, this factor weighs in favor of waiver.

B.    Level of Sophistication and Experience of the Parties

Defendant contends that Plaintiff, at the time she executed the stock option agreements, was a sophisticated business person who had "worked at Qwest for more than twenty years and ... held

a lead manager position." Motion, docket #11 at 7. Plaintiff attests that she is "not legally sophisticated when it comes to reading or understanding stock option agreements." Affidavit of Dorene Moreno, March 25, 2013 ("Moreno affidavit"),¶ 7, docket #14-1.

In *Postnet*, the court required only that the parties be "sufficiently sophisticated to understand the meaning of the [contract]." 2006 WL 1775599 at *3. According to the Complaint, Plaintiff was employed with Defendant for nearly twenty years and "rose" to the role of property manager in which she managed approximately 60 buildings in 2009. As set forth above, the Court has found the challenged provision to be clear and set forth in lay terms; again, Plaintiff does not argue that she was unable to understand the language of the provision.

Furthermore, Defendant asserts that Plaintiff, having executed the agreement, must be charged with knowledge of the document she signed. The Court agrees. "It is a fundamental principle of law that, absent fraud or concealment, a person who signs a document is presumed to have knowledge of the document's contents, independent of whether that person has read the document." *Breaux v. American Family Mut. Ins. Co.*, 387 F. Supp. 2d 1154, 1162 (D. Colo. 2005) (citing *Day v. Snowmass Stables*, 810 F. Supp. 289, 294 (D. Colo. 1993)). The Court also notes that Plaintiff agreed to the provision at least twice in two stock option agreements. Consequently, the Court finds the Plaintiff possessed sufficient sophistication and experience to understand the contents of the jury waiver. This factor weighs in favor of waiver.

C.    Representation by Counsel

It is undisputed that Plaintiff was not represented by counsel when considering and executing the stock option agreement. However, there is nothing in the record indicating that Plaintiff was prohibited from seeking the advice of counsel concerning the agreement and/or that she did seek the

7

advice of counsel.  In weighing the parties' arguments, the Court finds that this factor is neutral as to waiver.

       D.     <u>Opportunity to Negotiate</u>

Defendant does not proffer an argument specifically addressing whether Plaintiff had the opportunity to negotiate the terms of the stock option agreement; therefore, the Court will agree with the Plaintiff that, because the forms were presented to her as an offer for additional compensation in the form of stock options, she likely had little or no ability to negotiate any terms of the agreement, including the jury waiver.  However, the Plaintiff does not argue that she attempted to negotiate the terms, particularly the jury waiver provision, and was rejected.  "A contract clause is not unenforceable merely because one party to the contract insists on it."  *Postnet*, 2006 WL 1775599 at *3.  The Court finds that this factor also is neutral as to waiver.

       E.     <u>Relative Bargaining Power</u>

Defendant argues that Plaintiff "was not compelled to sign the Agreements and would not have lost her job had she elected not to sign them."  Motion, docket #11 at 7.  Plaintiff counters that she "was expected to sign the documents given to [her] by upper management to demonstrate that [she] was a team member."  Moreno affidavit, ¶ 9, docket #14-1.  However, Plaintiff also attests that "it was [her] understanding these stock options would be our annual bonus," that "everyone was upset [that an employee had stolen money from the 401(k)]," and that she "was willing to sign anything that would help [her] regain some of the money [she] had lost."  *Id.*, ¶¶ 3, 9.

The Court finds that the facts of this case do not rise to the level of a "gross disparity" in bargaining power between Plaintiff and Defendant.  *See Telum*, 859 F.2d at 837.  Plaintiff is a sophisticated and experienced business person, who testified that she was "willing to sign anything"

to recoup lost savings.  Such testimony indicates that she was compelled by the circumstances, not by the Defendant, to execute the stock option agreements.  While Defendant is certainly a large company with the ability to offer stock options to its employees, Plaintiff does not argue that she had no option but to sign.  Plaintiff apparently reviewed the agreements, including the jury trial waiver provision, before signing them and determined to accept stock options from the Defendant.  The Court sees no gross disparity in the transaction and finds that this factor weighs in favor of waiver.

## IV.    Conclusion

The *Postnet* factors as applied to the facts of this case weigh in favor of finding that Plaintiff's execution of the jury trial waiver provision was knowing and voluntary.  The Court concludes that the waiver is not unconscionable, contrary to public policy, or unfair to the Plaintiff.  Therefore, the Court finds that the jury trial waiver provision at issue in this case is valid and enforceable.

Based on the foregoing, and the entire record provided to the Court, I do hereby **grant** Defendant's Motion to Strike Jury Demand [filed March 6, 2013; docket #11].

Dated at Denver, Colorado, this 4th day of June, 2013.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge